Steven S. Tervooren, Alaska Bar No. 7910085
**HUGHES GORSKI SEEDORF**
**ODSEN & TERVOOREN, LLC**
3900 C Street, Suite 1001
Anchorage, AK 99503
Tel: (907) 274-7522
Fax: (907) 263-8320
Email: stervooren@hglawfirm.net

Steven Laitinen, Esq.
Mark Solheim, Esq.
Larson King, LLP
30 East Seventh Street • Suite 2800
Saint Paul, MN 55101
Phone: 651-312-6500
Facsimile: 651-312-6618
slaitinen@larsonking.com
msolheim@larsonking.com
*Attorneys for and Baker Hughes Oilfield
Operations, Inc. (as named and as successor by
merger to BJ Services U.S.A, LLC)*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHARLES CAMPBELL, KENNETH BAKER, JENNIFER BAKER, S.P. (MINOR), A. P. (MINOR), KIRK MEDAK, CARLA GROSVOLD, ERICK FREDERICKSON,<br><br>Plaintiffs,<br>vs.<br><br>BJ SERVICES, USA, LLC., BAKER HUGHES OILFIELD OPERATIONS, INC.<br>Defendants. | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b) BY DEFENDANT BAKER HUGHES OILFIELD OPERATIONS, INC.**<br><br>Case No._____ |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Baker Hughes Oilfield Operations, Inc.) (as named and as successor by merger to BJ Services U.S.A, LLC) (hereinafter, "Defendant") hereby removes this action entitled *Charles Campbell, et. al v. BJ Services U.S.A., LLC and Baker Hughes Oilfield Operations, Inc..* currently pending in the Superior Court of the State of Alaska, Third Judicial District at Anchorage, to the United States District Court for the District of Alaska. This Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441 *et. seq.* Complete diversity of citizenship exists between the relevant parties, and it is facially evident from the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of this removal, Defendant further states:

1. This is a civil action filed on January 12, 2016, by Charles Campbell, Kenneth Baker, Jennifer Baker, Shayne Pope (minor), Ashley Pope (minor), Kirk Medak, Carla Grosvold, and Erick Frederickson ("Plaintiffs") in the Superior Court of the State of Alaska, Third Judicial District at Anchorage, Case Number 3AN-15-10766 CI, captioned *Charles Campbell, et al. v. BJ Services U.S.A., LLC and Baker Hughes Oilfield Operations, Inc.* 3AN-15- 10766 CIV.

2. This primarily personal injury action arises out of injuries allegedly sustained by Plaintiffs in connection with alleged disposal of cement type material by Defendant. (Complaint, ¶¶ 7-8). Plaintiffs' Complaint asserts causes of action

against Defendants for trespass, landowner liability/negligence, strict liability (AS 43.06.822), and nuisance. (Complaint, ¶¶ 14-26).

## I. DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

3. Pursuant to 28 U.S.C. § 1446(a), Defendant attaches to this Notice of Removal a copy of all process, pleadings, and orders served on Defendant in this case. *(See* Exhibit "A," attached hereto.)

4. Plaintiff filed this action in the aforementioned state court on November 12, 2015 and filed an amended complaint on January 12, 2016. Defendant Baker Hughes Oilfield Operations, Inc. was served via CT Corporation on January 19, 2016. See Exhibit "A"; Declaration of Steven S. Tervooren ("Tervooren Declaration"), Paragraph ¶ 1, attached as Exhibit "B." Improperly named defendant BJ Services U.S.A., LLC has not been served (and cannot be served) because it no longer exists, having been merged into Baker Hughes Oilfield Operations, Inc. almost five years ago See Plaintiffs' Amended Complaint at Paragraph ¶¶ 2, 4 [1]; Exhibit "B" –Declaration of Steven S. Tervooren. The improperly named (non-existent) party is not required to join the removal petition. Nevertheless, Baker Hughes Oilfield Operations, Inc. both

---

[1] In Paragraph 2 of Plaintiffs' Amended Complaint, Plaintiffs make the following judicial admission: "BJ Services Company U.S.A. LLC merged with Baker Hughes Oilfield Operations, Inc., on June 13, 2011. Afterwards the surviving company was known as Baker Hughes Oilfield Operations, Inc." In Paragraph 4 of Plaintiffs' Amended Complaint, Plaintiffs make the following additional judicial admission: "Baker Hughes Oilfield Operations, Inc. now owns and was operating the disposal facility at 54070 Lola Court, Nikiski, Alaska at all relevant times referenced in this complaint and/or is responsible for any discharge of hazardous waste by BJ Services Company U.S.A. LLC. due to the merger of those two companies.

removes this action and consents and joins in the removal in its capacity as successor by merger to BJ Services U.S.S., LLC.

5.  This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b)(l), as it has been filed within thirty (30) days of receipt of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

6.  Venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because the Third Judicial District is located within the United States District Court for the District of Alaska. (28 U.S.C. § 84(a)). Accordingly, the United States District Court for the District of Alaska at Anchorage is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7.  Promptly following the filing of this Notice of Removal, written notice of the removal of this action will be served on Plaintiffs' counsel, as required by 28 U.S.C. § 1446 (d).

8.  A true and correct copy of this Notice of Removal will also be promptly filed with the Superior Court for the State of Alaska, Third Judicial District at Anchorage, pursuant to 28 U.S.C. § 1446(d).

9.  No previous application has been made for the relief requested herein.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)

### A. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PROPERLY JOINED PARTIES

10. There is complete diversity of citizenship between Plaintiffs and all properly joined defendants. 28 U.S.C. § 1332(a)(3).

11. At all times material hereto, Plaintiffs were residents of the State of Alaska. *(See* Compl. ¶ 1.)

12. Defendant Baker Hughes Oilfield Operations, Inc.is, and was at the time of filing of this action, as alleged and admitted by Plaintiff, a corporation incorporated under the laws of the State of California, with its principal place of business in the State of Texas. *(See* Compl. ¶ 3).

### D. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

23. Plaintiffs allege that they each have suffered damages to their respective real property (including devaluation) and personal injuries as a result of alleged improper disposal of toxic material (Compl. ¶¶ 8, 11-13, 16-18, 21, and 23-24). Plaintiffs assert claims for compensatory damages for past and future expenses for medical care and monitoring; diminution in value of their real property, past and future pain and suffering, and punitive damages if warranted." (Compl. ¶ 30). Plaintiffs assert such damages "in an amount to be proven at trial, but in any case to exceed the jurisdictional requirements of this court." (Compl. ¶ 30). Plaintiffs filed their complaint in the Superior Court for the State of Alaska. The Alaska Superior Court only has jurisdiction in such civil matters if the amount

in controversy exceeds $100,000, such that Plaintiffs' filing in the Alaska Superior Court constitutes a claim and judicial admission that the amount in controversy is at least $100,000. See A.S. 22.10.020, 22.15.030(a)(2).

It is apparent in the Complaint that Plaintiffs seek an amount in controversy in excess of $75,000, exclusive of costs and interest. A removing defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). When the amount in controversy is not clearly specified in the complaint, the court may consider facts in the complaint as well as in the removal petition. *See Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *accord Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010) (stating that the Court "found no case in any other circuit that purports to prohibit a district court from employing its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy.").

Although Defendant denies any liability to Plaintiffs, their allegations of personal injury, health problems, and property devaluation plainly place more than $75,000 in controversy. Their experienced Alaska counsel filed the action in Alaska Superior Court knowing the $100,000 jurisdictional requirement to so file in that court and expressly represented in the Complaint that an amount in excess of said jurisdictional amount is sought.

26. Based on the foregoing, the state court action may be removed to this Court in accordance with the provisions of 28 U.S.C. §§ 1332 and 1441 *et. seq.* because 1) this is a civil action pending within the jurisdiction of this Court; 2) this action is between citizens of different states; and 3) the amount in controversy exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Defendant Baker Hughes Oilfield Operations, Inc. hereby removes the above-captioned action from the Superior Court for the State of Alaska at Anchorage, to the United States District Court for the District of Alaska at Anchorage. Defendant requests that this Court retain jurisdiction for all further proceedings in this matter.

HUGHES GORSKI SEEDORF
ODSEN & TERVOOREN, LLC
Attorneys for Baker Hughes Oilfield
Operations, Inc. (as named and as and as
Successor by merger to BJ Services
U.S.A., LLC)

DATED: February 5, 2016    By: _____ ABA 7605060
   /s/ Steven S. Tervooren
   Alaska Bar No. 7910085

**CERTIFICATE OF SERVICE & FONT**

I hereby certify that on February 5, 2016, a true and correct copy of the foregoing document, prepared in Times Roman 13, was served ~~via the~~ electronically and by us.mail on: *bmp*

Michael W. Flanigan, Esq.
Flanigan & Bataille
1007 West Third Avenue, Suite 206
Anchorage, AK 99501
mflanigan@farnorthlaw.com

*/s/ Barbara M. Pauli*
Barbara M. Pauli