IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| CHARLES CAMPBELL, KENNETH BAKER<br>JENNIFER BAKER, SHAYNE POPE (MINOR);<br>ASHLEY POPE (MINOR); KIRK MEDAK;<br>CARLA GROSVOLD,; ERICK FREDERICKSON<br><br>Plaintiffs,<br>VS.<br><br>BJ SERVICES COMPANY, U.S.A., LLC.;<br>BAKER HUGHES OILFIELD<br>OPERATIONS, INC.,<br><br>Defendants. | **COPY**<br>Original Received<br><br>JAN 1 2 2016<br><br>Clerk of the Trial Courts |

Case No. 3AN-15- 10766 CIV

## AMENDED COMPLAINT

Comes Now Plaintiffs, by and through their attorneys, Flanigan & Bataille, hereby file their amended complaint before answer and allege as follows:

### PARTIES AND JURISDICTION

1. Plaintiffs are all residents of the State of Alaska.

2. BJ Services Company U.S.A. LLC is the listed owner of a chemical disposal facility located at 54070 Lola Court, Nikiski, Alaska. BJ Services Company U.S.A. LLC merged with Baker Hughes Oilfield Operations, Inc., on June 13, 2011. Afterwards the surviving company was known as Baker Hughes Oilfield Operations, Inc.

*AMENDED COMPLAINT*
*Campbell et al v Baker Hughes et al.*, 3AN-15-10766CIVIL          PAGE 1 OF 6

3. Baker Hughes Oilfield Operations, Inc. is a corporation organized under the laws of the State of California, with its principle place of business in the State of Texas.

4. On information and belief, Baker Hughes Oilfield Operations, Inc. now owns and was operating the disposal facility at 54070 Lola Court, Nikiski, Alaska at all relevant times referenced in this complaint and/or is responsible for any discharge of hazardous waste by BJ Services Company U.S.A. LLC. due to the merger of those two companies.

5. Jurisdiction is proper in the Third Judicial District and venue is proper under AS 22.10.020.

## GENERAL ALLEGATIONS

6. Plaintiffs incorporate by reference all of the allegations made in this complaint, as if fully set forth.

7. In October, 2014, Charles Campbell discovered that Baker Hughes Oilfield Operations, Inc., operating the disposal facility at 54070 Lola Court, Nikiski, was dumping a contaminated cement type material onto his property at 54014 May Ct., Nikiski, Ak. which is adjacent to the Baker Hughes Oilfield Operations, Inc. disposal facility at 54070 Lola Court, Nikiski, Alaska.

8. The contaminated cement type material had a dark liquid residue mixed in with it, which had a foul odor. Large quantities had been dumped on Campbell's property and the liquid part of the substance was leaching into his gravel pit. The material did not stay in one place. Particles of the material were scattered into the trees surrounding the area and on

other properties in the vicinity belonging to Kenneth & Jennifer Baker, Kirk Medak; Carla Grosvold;

9. Campbell asked Baker Hughes Oilfield Operations, Inc. representatives for MSDS sheets on the contamination but was not given any.

10. Campbell operates a gravel pit and lumber mill at his site so he has to be present on his property to operate his business.

11. After discovering the contaminated cement type material on his property, Campbell noticed that he was developing respiratory problems and rashes on his body, which caused him to seek medical care. .

12. Erick Frederickson, who had been staying on Campbell's property as a watchman also developed respiratory problems and rashes.

13. The other plaintiffs have also experienced health problems associated with the contamination or had their land contaminated with the air borne particles, which cling to surfaces.

## COUNT ONE
## (TRESPASS)

14. Plaintiffs incorporate by reference all of the allegations made in this complaint, as if fully set forth.

15. Defendant trespassed on Charles Campbell's property by dumping contaminated cement type material on his property.

*AMENDED COMPLAINT*
*Campbell et al v Baker Hughes et al.*, 3AN-15-10766CIVIL        PAGE 3 OF 6

EXHIBIT A
Case 3:16-cv-00038-JWS   Document 1-1   Filed 02/08/16   Page 6 of 9

16. As a legal and proximate result of that trespass, Campbell has suffered health problems and the devaluation of his property.

17. Defendant trespassed on all other Plaintiff's property by dumping a contaminated cement type product which was permitted to become airborne, causing particles of the contaminated material to be deposited on their property by the wind in a foreseeable manner.

18. As a legal and proximate result of that trespass, plaintiff's other than Campbell have suffered health problems and the devaluation of their property.

## COUNT TWO
## LANDOWNER LIABILITY/NEGLIGENCE

19. Plaintiffs incorporate by reference all of the allegations made in this complaint, as if fully set forth.

20. Defendant negligently caused the contamination of the Plaintiff's property

21. As a legal and proximate result of that trespass, Plaintiffs have suffered health problems and/or the devaluation of their property. .

## THIRD COUNT
## STRICT LIABILITY
## A.S. 46.03.822

22. Plaintiffs incorporate by reference all of the allegations made in this complaint, as if fully set forth.

23. Defendant's dumping of contaminated cement type material and foul smelling liquid that was prone to go airborne if not properly buried, constituted a dangerous release and discharge of hazardous substances.

24. As a legal and proximate result of that trespass, Plaintiffs have suffered health problems and/or the devaluation of their property.

## FOURTH COUNT
## NUISANCE

25. Plaintiffs incorporate by reference all of the allegations made in this complaint, as if fully set forth.

26. Defendant's dumping of contaminated cement type material and foul smelling liquid that was prone to go airborne if not properly buried constituted a nuisance due to the release and discharge of hazardous substances.

## PUNITIVE DAMAGES

27. Plaintiffs incorporate by reference all of the allegations made in this complaint, as if fully set forth.

28. To the extent that the applicable facts and law in this case support an award for punitive damages, Plaintiffs request same be awarded as against the Defendant, in an amount sufficient to punish and deter the Defendant and others similarly situated from the conduct complained of in this case.

## DAMAGES

29. Plaintiffs incorporate by reference all of the allegations made in this complaint, as if fully set forth.

30. As a legal and proximate result of the release and discharge of hazardous liquids and materials, Plaintiffs suffered personal injury and/or devaluation of their property, all in

an amount to be proven at trial, but in any case to exceed the jurisdictional requirements of this court including but not limited to.

    a. Past and future expenses for medical care and monitoring;

    b. Diminution in value of their real property.

    c. Past and Future Pain and Suffering

    d. Punitive damages if warranted.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief against Defendants:

Damages for each plaintiff in excess of the jurisdictional requirement of this Court, the exact amount to be proven at trial, plus attorneys fees, costs, interest and such other equitable relief this Court deems just and equitable.

DATED THIS 12TH DAY OF January, 2016.

                              FLANIGAN & BATAILLE
                              ATTORNEYS FOR PLAINTIFF

                              By: *[signature]*
                              Michael W. Flanigan
                              Alaska Bar No. #7710114

**CERTIFICATE OF SERVICE & FONT**

I hereby certify that on February 5, 2016, a true and correct copy of the foregoing document, prepared in Times Roman 13, was served via the electronically and by us mail on:

Michael W. Flanigan, Esq.
Flanigan & Bataille
1007 West Third Avenue, Suite 206
Anchorage, AK 99501
mflanigan@farnorthlaw.com

*Barbara M. Pauli*
Barbara M. Pauli