Michael W. Flanigan, Alaska Bar No. #7710114
FLANIGAN & BATAILLE
1007 W. 3rd Ave. Suite 206
Anchorage, Alaska, 99501
Phone No.: 907-279-9999
Fax No.: 907-258-3804
Email: mflanigan@farnorthlaw.com
ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| CHARLES CAMPBELL, KENNETH BAKER Individually and as father of S.P (MINOR) and A.P. (MINOR); JENNIFER BAKER; KIRK MEDAK; CARLA GROSVOLD; ERICK FREDERICKSON <br><br> Plaintiffs, <br><br> VS. <br><br> BAKER HUGHES OILFIELD OPERATIONS, INC., <br><br> Defendant. | Case No. 3:16-cv-00038 (JWS) <br><br> **(JURY DEMANDED)** |

## SECOND AMENDED COMPLAINT

Comes Now Plaintiffs, by and through their attorneys, Flanigan & Bataille, hereby file their second amended complaint per stipulation, and allege as follows:

## PARTIES AND JURISDICTION

1. Plaintiffs are all residents of the State of Alaska.

*SECOND AMENDED COMPLAINT*
*Campbell et al v Baker Hughes et al.* Case No. 3:16-cv-00038 (JWS) PAGE 1 OF 12
Case 3:16-cv-00038-JWS Document 21 Filed 03/07/16 Page 1 of 12

2. BJ Services Company U.S.A. LLC is the listed owner of a chemical disposal facility located at 54070 Lola Court, Nikiski, Alaska, and operated a disposal facility at 54070 Lola Court, Nikiski, Alaska prior to June 13, 2011.

3. BJ Services Company U.S.A. LLC merged with Baker Hughes Oilfield Operations, Inc., on June 13, 2011. Afterwards the surviving company was known as Baker Hughes Oilfield Operations, Inc.

4. Baker Hughes Oilfield Operations, Inc. is a corporation organized under the laws of the State of California, with its principle place of business in the State of Texas.

5. Baker Hughes Oilfield Operations, Inc. owns and was operating the disposal facility at 54070 Lola Court, Nikiski, Alaska at all relevant times referenced in this complaint and has accepted legal responsibility for any discharge of hazardous waste by BJ Services Company U.S.A. LLC. at that site, prior to the merger of those two companies.

6. Jurisdiction is properly before this Court pursuant to 28 USC 1332.

**GENERAL ALLEGATIONS**

7. Plaintiffs incorporate by reference all of the allegations made in this complaint, as if fully set forth.

*SECOND AMENDED COMPLAINT*
*Campbell et al v Baker Hughes et al.* Case No. 3:16-cv-00038 (JWS)   PAGE 2 OF 12
Case 3:16-cv-00038-JWS   Document 21   Filed 03/07/16   Page 2 of 12

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999  Fax 907-258-3804

8. In October, 2014, Charles Campbell discovered that Baker Hughes Oilfield Operations, Inc., operating the disposal facility at 54070 Lola Court, Nikiski, was dumping a contaminated cement type material onto his property at 54014 May Ct., Nikiski, Ak. which is adjacent to the Baker Hughes Oilfield Operations, Inc. disposal facility at 54070 Lola Court, Nikiski, Alaska. (Parcel No: 01222008 & 01222009, 3 acres w/saw mill, logs,

two (2) movable trailers, and heavy equipment)

9. The contaminated cement type material had a dark liquid residue mixed in with it, which had a foul odor. Large quantities had been dumped on Campbell's property and the liquid part of the substance was leaching into his gravel pit. The material did not stay in one place. Particles of the material were scattered into the trees surrounding the area and on other properties in the vicinity belonging to Kenneth & Jennifer Baker, Kirk Medak; Carla Grosvold;

10. Campbell asked Baker Hughes Oilfield Operations, Inc. representatives for MSDS sheets on the contamination but was not given any.

11. Campbell operates a gravel pit and lumber mill at his site so he has to be present on his property to operate his business.

*SECOND AMENDED COMPLAINT*
*Campbell et al v Baker Hughes et al*, Case No. 3:16-cv-00038 (JWS)  PAGE 3 OF 12
Case 3:16-cv-00038-JWS   Document 21   Filed 03/07/16   Page 3 of 12

12. After discovering the contaminated cement type material on his property, Campbell noticed that he was developing respiratory problems and rashes on his body, which caused him to seek medical care. These conditions have persisted.

13. The other plaintiffs have also experienced health problems associated with the contamination or had their land contaminated with the air borne particles, which cling to surfaces as set forth below.

14. Erick Frederickson, who had been staying on Campbell's property as a watchman also developed respiratory problems and rashes. He moved on to Charles Campbell's property in May of 2014 and moved off of the property in October of 2014. He lived in a trailer that summer. The trailer was roughly 20 ft from the edge of the "spill site." The trailer was filled with "dust" throughout the summer.

15. In late June of 2014, Eric Frederickson was working on property for Charles Campbell when he watched Baker Hughes workers draining a truck through a hose-which pumped out liquid which flowed downhill onto Charles Campbell's property. He spoke with the workers who said it was liquid concrete. He didn't believe it was concrete because it was "oily and burned his skin & sinuses."

16. In September of 2014, Charles Campbell and Eric Frederickson went on a walk through the woods and found big mounds of grey powder (dried out liquid). It was all over the whole property where the oily fluid had been flowing. There was

*SECOND AMENDED COMPLAINT*
*Campbell et al v Baker Hughes et al* Case No. 3:16-cv-00038 (JWS) PAGE 4 OF 12
Case 3:16-cv-00038-JWS Document 21 Filed 03/07/16 Page 4 of 12

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999 Fax 907-258-3804

visible chemical dust on the trees and surrounding plants (varying degrees all over the property). Whenever Eric would bump into a tree or plant, "chemical dust" would fall off the trees. There would be a large amount of dust come off the trees when Eric Frederickson would cut them down.

17. Eric Frederickson cited the following symptoms which began this summer: coughing in his chest (difficulty breathing), flue like symptoms, diarrhea , nausea, restless nights, forgetfulness, exhaustion, fatigue, and severe dizziness during the summer. He often found it difficult to stand up in the morning after sleeping in the trailer due to dizziness. He also coughed up lots of brown phlegm throughout the summer. He has had permanent sinus issues since the summer of 2014.

18. Kenneth and Jennifer Baker, own property at 50600 Kenai Spur Highway (parcel 01222004, 2 acres with house and shop) which is adjacent to the Baker Hughes property. The Baker's property is an estimated fifty (50) feet from the contaminated site and twenty (20) feet from the diesel spill (30 gallons of diesel were spilled on the Baker Hughes property in April, 2014).

19. The Baker's started noticing signs of the Baker Hughes spill on or about the end of May or beginning of June, 2014, when their dog, Stony started coming back to their home with mixtures of white and yellow slime (looked like tar and smelled like raw sewage) in fur. The mixture caused his hair to fall out.

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999 Fax 907-258-3804

*SECOND AMENDED COMPLAINT*
*Campbell et al v Baker Hughes et al*  Case No. 3:16-cv-00038 (JWS)    PAGE 5 OF 12
Case 3:16-cv-00038-JWS   Document 21   Filed 03/07/16   Page 5 of 12

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999 Fax 907-258-3804

20. In the middle of the summer of 2014 their dog Nickie came back with wet concrete in his hair.

21. Towards the end of July of 2014, Kenneth Baker went on a walk to check out the property behind his house (crossing over the Baker Hughes property) and found large amounts of white power and oil pools (yellow "goo") on the ground on Baker Hughes' and Charles Campbell's property.

22. Shortly after his discovery of the spill site, Baker Hughes began to clean up the spill site. Ken estimates Baker Hughes hauled off "tons of material" and there is now a 30 ft hole (30 ft deep/60-80 ft long 40 ft wide).

23. During the Baker Hughes clean-up, Ken interacted with the Baker Hughes crew. They told him that there was nothing to worry about and that it was just cement. He asked what specifically it was and they would not give an answer. They also refused to give him a MSDS sheet.

24. Baker Hughes would also stop all clean-up activities if the Bakers come outside to watch the clean up.

25. Baker Hughes also hired a "guard" to stay on the property twenty-four (24) hours a day.

*SECOND AMENDED COMPLAINT*
*Campbell et al v Baker Hughes et al.* Case No. 3:16-cv-00038 (JWS)  PAGE 6 OF 12
Case 3:16-cv-00038-JWS   Document 21   Filed 03/07/16   Page 6 of 12

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999  Fax 907-258-3804

26. The clean-up witnessed by the Bakers did not include all the air borne particles that originated from the contamination and floated onto their property coating trees and the surfaces of structures.

27. Residing at the Baker's residence were also their children A.P. (a minor) and S.P. (a minor) who are home schooled.

28. A.P. after exposure to airborne contamination suffered unexpected major nose bleeds as well as depression, anxiety, exhaustion.

29. S.P. after the exposure to airborne contamination suffered symptoms of eczema, asthma , runny nose, watery eyes, sneezing, depression, anxiety, and exhaustion

30. Jennifer Baker after the exposure experienced nausea, acne, dry skin, itchiness, redness of cheeks, chronic fatigue.

31. Jennifer Baker has also experienced an enlarged thyroid, fatty live disease, an increase in Cholesterol, multiple gall stones, chronic kidney disease, which may be related to longer term exposure to the discharge of toxic materials at the Baker Hughes site, which on information and belief has been going on for a long time.

32. Kenneth Baker since the exposure has suffered upper respiratory issues; coughing up phlegm; constant tickle in throat; sinus congestion; nausea; fatigue; diarrhea with cramps, abdominal pain; and chest pains.

*SECOND AMENDED COMPLAINT*
*Campbell et al v Baker Hughes et al.* Case No. 3:16-cv-00038 (JWS)    PAGE 7 OF 12
Case 3:16-cv-00038-JWS   Document 21   Filed 03/07/16   Page 7 of 12

33. Kirk Medak is an equitable property owner of Parcel 01222007 (.93 acres) (T7NR12WSE10SMKN field subdivision No. 1, lot 5, blk 2), located in close proximity of the Baker Hughes property. (less than 100 feet east of Baker Hughes property), by way of unrecorded quit claim deed.

34. Carla Grosvold visited the Medak property with Kirk Medak and was exposed to the airborne contamination daily for 6-7 hours a day for two weeks in October, 2014 while clearing limbs, while Medak was cutting trees for firewood. She developed rashes on her feet and arms. The rash on her left foot has never gone away despite treatment.

### COUNT ONE
### (TRESPASS)

35. Plaintiffs incorporate by reference all of the allegations made in this complaint, as if fully set forth.

36. Defendant trespassed on Charles Campbell's property by dumping contaminated cement type material on his property.

37. As a legal and proximate result of that trespass, Charles Campbell and Erick Frederickson suffered health problems and Campbell's real property was diminished in value.

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999  Fax 907-258-3804

*SECOND AMENDED COMPLAINT*
*Campbell et al v Baker Hughes et al.*, Case No. 3:16-cv-00038 (JWS)  PAGE 8 OF 12
Case 3:16-cv-00038-JWS   Document 21   Filed 03/07/16   Page 8 of 12

38. Defendant trespassed on all other Plaintiff's property by dumping a contaminated cement type product which was permitted to become airborne, causing particles of the contaminated material to be deposited on their property by the wind in a foreseeable manner.

39. As a legal and proximate result of that trespass, the plaintiffs other than Campbell have suffered health problems and the devaluation of their property.

## COUNT TWO
## LANDOWNER LIABILITY/NEGLIGENCE

40. Plaintiffs incorporate by reference all of the allegations made in this complaint, as if fully set forth.

41. Defendant negligently caused the contamination of the Plaintiff's property

42. As a legal and proximate result of that trespass, Plaintiffs have suffered health problems and/or the devaluation of their real property. .

## THIRD COUNT
## STRICT LIABILITY
## A.S. 46.03.822

43. Plaintiffs incorporate by reference all of the allegations made in this complaint, as if fully set forth.

44. Defendant's dumping of contaminated cement type material and foul smelling liquid that was prone to go airborne if not properly buried, constituted a dangerous release and discharge of hazardous substances.

45. As a legal and proximate result of that dangerous release, Plaintiffs have suffered health problems and/or the devaluation of their real property.

*SECOND AMENDED COMPLAINT*
*Campbell et al v Baker Hughes et al* Case No. 3:16-cv-00038 (JWS)    PAGE 9 OF 12
Case 3:16-cv-00038-JWS   Document 21   Filed 03/07/16   Page 9 of 12

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999  Fax 907-258-3804

## FOURTH COUNT
## NUISANCE

46. Plaintiffs incorporate by reference all of the allegations made in this complaint, as if fully set forth.

47. Defendant's dumping of contaminated cement type material and foul smelling liquid that was prone to go airborne if not properly buried constituted a nuisance due to the release and discharge of hazardous substances.

48. As a legal and proximate result of the nuisance, Plaintiffs suffered health problems and/or the devaluation of their real property.

## PUNITIVE DAMAGES

49. Plaintiffs incorporate by reference all of the allegations made in this complaint, as if fully set forth.

50. To the extent that the applicable facts and law in this case support an award for punitive damages, Plaintiffs request same be awarded as against the Defendant, in an amount sufficient to punish and deter the Defendant and others similarly situated from the conduct complained of in this case.

## DAMAGES

51. Plaintiffs incorporate by reference all of the allegations made in this complaint, as if fully set forth.

52. As a legal and proximate result of the release and discharge of hazardous liquids and materials, Plaintiffs suffered personal injury and/or devaluation of their property, all in

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999 Fax 907-258-3804

*SECOND AMENDED COMPLAINT*
*Campbell et al v Baker Hughes et al*, Case No. 3:16-cv-00038 (JWS) PAGE 10 OF 12
Case 3:16-cv-00038-JWS Document 21 Filed 03/07/16 Page 10 of 12

an amount to be proven at trial, but in any case to exceed the jurisdictional requirements of this court including but not limited to.

    a. Past and future expenses for medical care and monitoring;

    b. Diminution in value of their real property.

    c. Past and Future Pain and Suffering

    d. Punitive damages if warranted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief against Defendants:

Damages for each plaintiff in an amount to be proven at trial, plus attorneys fees, costs, interest and such other equitable relief this Court deems just and equitable.

## **JURY DEMAND**

Comes Now the Plaintiffs, pursuant to FRCP 38 and L.R. 38.1 and requests a trial by jury on all issues in this action.

DATED THIS 4th DAY OF MARCH, 2016.

        FLANIGAN & BATAILLE
        ATTORNEYS FOR PLAINTIFF

        By: /s/ Michael W. Flanigan,
           Alaska Bar No. #7710114
           1007 W. 3rd Ave. Suite 206
           Anchorage, Alaska, 99501
           Phone No.: 907-279-9999
           Fax No.: 907-258-3804
           Email: mflanigan@farnorthlaw.com

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999 Fax 907-258-3804

*SECOND AMENDED COMPLAINT*
*Campbell et al v Baker Hughes et al.,* Case No. 3:16-cv-00038 (JWS)    PAGE 11 OF 12
Case 3:16-cv-00038-JWS Document 21 Filed 03/07/16 Page 11 of 12

**CERTIFICATE OF SERVICE**
I HEREBY CERTIFY that a true and correct copy of the foregoing
*Second Amended Complaint*
was served by the Court's electronic filing system (ECM) this
4th day of March, 2016 on:

.Stephen Laitinen, Mark Solheim
Larson • King, LLP
30 East Seventh Street • Suite 2800
St. Paul, MN 55101

Steve Tervooren
Hughes, Gorski, Seedorf, Odsen & Tervooren, LLC
3900 C St., Ste 1001
Anchorage, Alaska, 99503
stevooren@hglawfirm.net
\_\_\_\_s/ Michael W. Flanigan_____
FLANIGAN & BATAILLE

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999 Fax 907-258-3804

*SECOND AMENDED COMPLAINT*
*Campbell et al v Baker Hughes et al.,* Case No. 3:16-cv-00038 (JWS)   PAGE 12 OF 12
Case 3:16-cv-00038-JWS   Document 21   Filed 03/07/16   Page 12 of 12