**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | | |
|---|---|---|
| **Kenneth Baker and Jennifer Baker,** | **)** | |
| | **)** | |
| **Plaintiffs,** | **)** | **3:16-cv-00038 JWS** |
| | **)** | |
| **vs.** | **)** | **ORDER AND OPINION** |
| | **)** | |
| **Baker Hughes Oilfield Operations, Inc.,** | **)** | **[Re: Motion at docket 74]** |
| | **)** | |
| **Defendant.** | **)** | |
| | **)** | |

## I.  MOTION PRESENTED

At docket 74, plaintiffs Kenneth Baker and Jennifer Baker (jointly "Plaintiffs")

moved for an order *in limine* foreclosing introduction of certain evidence.  Defendant

Baker Hughes Oilfield Services ("Defendant") responded at docket 81. No reply was

filed.  Oral argument was not requested.

## II.  BACKGROUND

Plaintiffs are married and jointly own a home on a parcel of land which is near

property owned by Defendant.  Plaintiffs contend Defendant's property was a source of

pollution affecting them.  Plaintiffs and certain others filed this action in state court.

Following removal to this court, Plaintiffs and the others whose claims have been

subsequently resolved filed a second amended complaint.[1]  Following resolution of the other plaintiffs' claims, counsel for Plaintiffs filed a report describing the remaining dispute in these words: "The remaining claimants are Kenneth and Jennifer Baker. Kenneth Baker's claim is limited to diminution of value of property (family home adjacent to Baker Hughes contaminated property).  Jennifer Baker's claim is for diminution of the same property and her health problems she connects to pollution released on Defendant's adjacent lot."[2]

## III.  DISCUSSION

Plaintiffs' motion requests exclusion of evidence concerning Kenneth's use of illicit drugs.  Kenneth's use of illicit drugs at various times is undisputed.  Plaintiffs argue that his drug use is irrelevant to Kenneth's sole claim–reduction in the value of the real property.  Moreover, it is clear to the court that such evidence has no bearing on Jennifer's claims.  Defendant does not dispute the proposition that evidence of Kenneth's drug use should be excluded.  The motion *in limine* will be granted as to Kenneth's drug use.

Plaintiffs' motion also seeks exclusion of evidence concerning Kenneth's conviction of a sex crime.  It is undisputed that Kenneth pled guilty to a misdemeanor count of sexual abuse by attempting to secretly film his stepdaughter while she was showering. Plaintiffs argue that this evidence is irrelevant to the pending claims and that it is highly prejudicial.

---

[1]Doc. 21.

[2]Doc. 52 at pp. 1-2.

Defendant contends that the evidence is relevant.  Defendant cites

AS 34.70.010.  That statute obligates the transferor of real estate to provide a

disclosure statement to the transferee which complies with AS 34.70.050.  Section 050

requires that the disclosure statement be in a form prescribed by the Real Estate

Commission and says the disclosure form must advise the transferee that the

transferee is responsible to determine if a person who has been convicted of a sex

offense resides in the vicinity of the property.  Further, the disclosure form must advise

the transferee where information about the location of convicted sex offenders may be

found.  Defendant agues this statutory scheme "does appear to require the Bakers to

disclose to potential buyers that Mr. Baker has been convicted of a sex offense for

surreptitiously filming his stepdaughter in the shower."[3]

There are two problems with Defendant's argument.  First, the statute explicitly

puts the burden on the transferee, not the transferor, to determine if a sex offender

resides in the vicinity.  Second, if a sale were completed, Kenneth would not be residing

in the vicinity of the property.  It is not apparent to this court that the law requires

Plaintiffs to disclose Kenneth's conviction of a sex crime.

Defendant advances another argument.  According to Defendant, Plaintiffs claim

that Defendant's discharge of Portland cement "has prevented them from using their

property as they would like, including causing Ms. Baker to move from the property."[4]

Defendant goes on to point out that at her deposition Jennifer testified that the reason

_____

[3]Doc. 81 at p.4.

[4]*Id*., at p. 5.

she moved out of the home she shared with Kenneth was, "I guess his criminal activity that happened."[5]

Defendant's argument is a straw man argument. Defendant points to nothing in the record asserting that Jennifer moved because of the pollution. The second amended complaint does not allege that Jennifer moved because of the pollution.[6] The motion *in limine* will be granted with respect to Kenneth's criminal conviction.

## IV. CONCLUSION AND CAVEAT

For the reasons above the motion at docket 74 is GRANTED.

Plaintiffs are <u>warned</u> that if they introduce evidence that Jennifer moved from the property because of the pollution, the court will reconsider and likely admit evidence of Kenneth's criminal conviction.

DATED this 14th day of May 2018.


/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[5]Doc. 81-1 at p.5 of the exhibit.

[6]Doc 21.

-4-